UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

JUAN OCHOA,

                    Defendant.

NO. CR-05-2005-EFS

**ORDER RULING ON DEFENDANT'S PRETRIAL MOTIONS AND CONTINUING TRIAL DATE**

A Pretrial Conference was held in the above-captioned matter on June 1, 2005.  The Defendant Juan Ochoa was present, represented by Ulvar Klein.  Assistant United States Attorney James Hagarty appeared on behalf of the United States.  Before the Court were Defendant's Motion to Dismiss Count One, (Ct. Rec. 36), Motion for *Franks* Hearing, (Ct. Rec. 33), Motion to Suppress, (Ct. Rec. 41), and Motion for Discovery, (Ct. Rec. 34).  This Order serves to memorialize and supplement the Court's bench ruling denying the Motion to Dismiss Count One, Motion for *Franks* Hearing, and Motion to Suppress, and denying in part the Motion for Discovery.

**A.   Defendant's Motion to Dismiss Count One, (Ct. Rec. 36)**

The Defendant asks the Court to dismiss Count One, Receipt of Firearm by Person under Indictment or Information for Felony, arguing

ORDER ~ 1

that his Yakima County Superior Court theft count is not a crime punishable by imprisonment for a term exceeding one year under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), because as a first-time offender, the maximum sentence he can receive under the binding Washington Sentencing Guidelines is ninety (90) days.  In addition, the Defendant, who is enrolled in a state diversion program for the state theft count, argues the Rule of Lenity requires dismissal of Count 1 because 18 U.S.C. § 922(n) is ambiguous, lacking a definition of what constitutes "under" indictment for a crime punishable by imprisonment for a term exceeding one year.

Section 922(n) provides:

It shall be unlawful for any person who is *under indictment for a crime punishable by imprisonment for a term exceeding one year* to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(n) (emphasis added).  "Indictment" includes an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted.  18 U.S.C. § 921(a)(14).  Section 921(a)(2) describes a crime punishable as follows:

the term 'crime punishable by imprisonment for a term exceeding one year' does not include – (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

Mr. Ochoa entered the Yakima County Friendship Diversion Program for a First Degree Theft count (Yakima County Superior Court cause number 04-1-00312-7) on June 29, 2004.  The program ends on July 1, 2005, and then

ORDER ~ 2

after successful completion of the program the theft charge and a related bail jumping charge were to be dismissed.  The Defendant submits, even if he had not participated in such a program, as a first-time offender, the binding Washington State Sentencing Guidelines specify that he would have received at maximum a 90-day sentence.  R.C.W. 9A.94A.585(4); *Blakely v. Wash.*, 124 S. Ct. at 2537.  Therefore, the Defendant contends he was not under indictment for a crime punishable by a term of imprisonment exceeding one year–a prerequisite to Count 1.

The Defendant's argument is a challenging one, in light of *Blakely*. However, given the previous case law analyzing 18 U.S.C. § 922, the Court disagrees with the Defendant's position and finds the principles espoused in *Blakely* do not apply to determining whether a defendant is "under indictment for a crime punishable by a term exceeding one year" for purposes of 18 U.S.C. § 922(n).  *See United States v. Horodner*, 993 F.2d 191, 194 (9th Cir. 1993); *G.R. Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 113-114 (1983).  Previous case law established that for purposes of 18 U.S.C. § 922 it is immaterial what length of sentence the defendant likely would have received, or actually received; rather, it is important what the maximum statutory sentence is.  Because Defendant's Yakima County Superior Court offenses - Class B and Class C charges, are punishable by a term of imprisonment exceeding one year, the Court finds the Defendant was, and is still, under indictment for a crime punishable by imprisonment for a term exceeding one year.

In addition, the Court finds, because the diversion program had not been successfully completed and the charges dismissed at the time the Defendant allegedly possessed a firearm, the Defendant was still "under"

1  the state indictment.   The Court does not find 18 U.S.C. § 922(n)

2  ambiguous in these regards.  For these reasons, the Court concludes the

3  Rule of Lenity does not require dismissal, *see Rewis v. United States*,

4  401 U.S. 808, 812 (1971), and the Court denies the Defendant's dismissal

5  motion.

6  **B.    Defendant's Motion for Discovery, (Ct. Rec. 34)**

7       The Defendant asked for a Court Order permitting discovery of

8  specifically requested information in possession of the Government.  At

9  the hearing, defense counsel advised the Court that he had been able to

10 search the Government's files in regards to the searches of the other

11 residences mentioned in the Application and Affidavit for Search Warrant

12 and the search of the residence of Rudy Moreno and Roy Borrego referenced

13 in a post search interview. As a result, defense counsel was withdrawing

14 these requests.  Furthermore, defense counsel stated, even though he was

15 still pursuing the other evidence requested through the *Franks* hearing

16 motion, that he was satisfied with the Government's open file policy.

17 Accordingly, the Court denied as satisfied the remaining discovery

18 requests, absent the request for officer field notes, which the Court

19 specifically denied.  In summary, the Defendant's Motion for Discovery

20 is withdrawn in part, denied in part as to the request for field notes,

21 and the remainder of the motion is denied due to the Government's open

22 file policy.

23 **C.    Defendant's Motion for *Franks* Hearing, (Ct. Rec. 33)**

24      The Defendant submits an evidentiary *Franks* hearing is required in

25 order for the Court to fully consider the Defendant's Motion to Suppress,

26

ORDER ~ 4

(Ct. Rec. 41), and that the Defendant has satisfied his burden of establishing a need for a *Franks* hearing.

The U.S. Supreme Court held:

> where the defendant makes a *substantial preliminary showing* that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at the hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Franks v. Del*, 438 U.S. 154, 155-56 (1978) (emphasis added). The Ninth Circuit has extended *Franks* to material omissions. *United States v. DeLeon*, 979 F.2d 761, 763 (9th Cir. 1992). The Ninth Circuit set forth five factors to assess a defendant's right to a *Franks* hearing: the defendant must establish (1) specific allegations indicating which part of the affidavit he claims are false and support such allegations with facts, (2) the alleged falsehoods were made deliberately or with reckless disregard for the truth, (3) support such allegation and motion by an offer of proof or affidavit, (4) the challenged veracity must be that of the affiant, and (5) the alleged false information is necessary to the finding of probable cause. *United States v. Jaramillo-Sanchez*, 950 F.2d 1378, 1387 (9th Cir. 1991). However, if the material misstatement is removed, or the material omission added, and the affidavit continues to provide probable cause, no hearing is necessary. *Franks*, 438 U.S. at 171-72.

ORDER ~ 5

1    The Defendant contends he has made a substantial preliminary showing

2    that facts were deliberately withheld in the Affidavit submitted in

3    support of the search warrant request.  More specifically, the Defendant

4    contends the following omissions are material: (1) the Defendant was

5    never mentioned in the Affidavit, (2) law enforcement knew that "Moreno"

6    was a different person than the Defendant –because apparent in the

7    transcript of a witness conducted after the execution of the search

8    warrant– but failed to highlight these were two different individuals,

9    (3) law enforcement knew that Moreno did not reside with Ramiro Ochoa on

10   January 4, 2005, but the affiant asserted that Moreno did in fact live

11   at the same address as Ramiro Ochoa, (4) law enforcement did not take

12   steps to determine the ownership or occupancy of the residence at 608 W.

13   Edison St., and (5) law enforcement failed to disclose that Ramiro Ochoa

14   had been incarcerated until July 2004.

15        The Court agrees the Defendant's name, Juan Ochoa, was not mentioned

16   in the Affidavit.  Yet, the Court does not find this omission material.

17   Defendant claimed his name would be listed on the property deed if law

18   enforcement had done a public records search; however, the Defendant did

19   not provide documentation supporting this contention.  Regardless,

20   Special Agent Barrett stated in the Affidavit in Support of Application

21   for a Search Warrant, (Ct. Rec. 33, Attach. 2):

22        That drug traffickers very often place assets in the name of
         others to avoid detection by law enforcement.  That drug
23        distributors often utilize fictitious names or company names
         in an attempt to avoid identification or to give a legitimate
24        appearance to the purchase of items necessary for the
         production of the controlled dangerous substances;

25

26

ORDER ~ 6

> That even though these assets are in other persons names, the drug dealers/ manufacturers continue to use these assets and exercise dominion and control over them.

*Id.* p. 12. Accordingly, even if Special Agent Barrett had performed a search and found Mr. Ochoa's name listed on the deed, it would not have effected the probable cause determination because in the officer's experience it is common for drug dealers to utilize different names.

As to the Defendant's second and third contentions, it does appear law enforcement knew that Rudy Moreno did not live at the 608 W. Edison St. residence; however, Moreno is not an unusual Hispanic last name. Accordingly, the Court finds it was reasonable to believe that the "Moreno" the confidential information saw and said resided at the 608 W. Edison St. residence was a different individual than Rudy Moreno. For these reasons, the Court finds the Defendant did not make a substantial preliminary showing in this regard.

The Defendant did not provide any documentation supporting his position that Ramiro Ochoa was incarcerated until July 2004, but rather seeks such information from the Government. The Government maintains it was unaware that Mr. Ochoa was incarcerated during this period and it reasonably relied upon the confidential informant's information. The Court finds the Defendant failed to make a substantial preliminary showing that Special Agent Barrett knew, or recklessly disregarded, information that Ramiro Ochoa had been incarcerated during the two-year period of time the confidential informant said he/she was in contact with Ramiro Ochoa, especially since some of the information provided by the confidential informant was consistent with information Special Agent Barrett had received elsewhere; thus, causing Special Agent Barrett, and

the magistrate, to reasonably believe the confidential informant's statement's were reliable.

The Court finds the Defendant did not make a substantial preliminary showing that a false statement, or omission, was knowingly and intentionally, or with reckless disregard for the truth, included or omitted. Furthermore, the Court finds, even assuming the alleged information was knowingly or recklessly omitted or misrepresented, that the remaining Affidavit, after such information is added or removed, supports a finding of probable cause to search the residence at 608 W. Edison St. in Sunnyside. For these reasons, the Defendant's Motion for a *Franks* hearing is denied.

**D.    Defendant's Motion to Suppress, (Ct. Rec. 41)**

The Defendant maintains all fruits of the search at the main residence located at 608 W. Edison St. in Sunnyside must be suppressed because the Affidavit failed to provide adequate probable cause to justify the intrusion into the main house on the property or indicate a basis to believe contraband might be located inside the main residence. The Defendant is correct the Affidavit does not specifically explain how the informant concluded that what he/she saw in the residence appeared to be meth and does not provide specific details about the substance that appeared to be meth, such as why the substance was visible to the informant and how the substance was packaged or stored. Regardless, the Court finds the Affidavit was sufficient on its face to enable the magistrate to conclude that probable cause that drugs would be found in the residence existed.

When an affidavit is based upon information provided by an informant, there are several "highly relevant" factors: the informant's "veracity," his "reliability," and his "basis of knowledge." *Ill. v. Gates*, 462 U.S. 213, 230 (1983). However, these are not independent elements to be met in every case. "Instead, they are better understood as relevant considerations in the totality of circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining the reliability of a tip, by a strong showing as to the other." *Id.* at 233. The Supreme Court then elaborated "even if we entertain some doubt as to an informant's motives, his explicit and detailed description of the alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case." *Id.* at 234.

The Affidavit explained the Special Agent's knowledge about drugs and the drug trade. Furthermore, the Special Agent discussed the conversations with the confidential informant and the information received. The Special Agent details that a number of the confidential informant's previous tips proved reliable. In regards to the suspect residence, the confidential informant shared the 608 W. Edison St. residence had a converted garage located behind the main residence. The Special Agent's observance of powerlines into the garage, substantiated this portion of the confidential informant's information. Corroboration by the police of some of the details of an informant's story, even if they consist of innocent activity, bolsters a finding that the tip is reliable. *Id.* at 242.

1    Furthermore, the confidential informant admitted to selling meth;
2    thus, the confidential informant had a basis for knowing what meth looks
3    like.  The confidential informant also advised that he/she had purchased
4    drugs from the residence.  Therefore, the listed conversations establish
5    the confidential informant's familiarity with the drug trade, and meth
6    trade in particular, and the instant residence.  The confidential
7    informant reported Moreno resided in the main residence and was in the
8    main residence on December 31, 2004, when the confidential informant saw
9    what appeared to be a pound of meth, in addition to a number of firearms.
10   The confidential informant's first hand observance of wrongdoing entitles
11   the tip to greater weight.  *Id.* at 234.

12       The Court finds, under the totality of the circumstances, the
13   confidential informant's tip was reliable.  Accordingly, in light of the
14   reliability of the confidential informant's tip and the reported
15   observances of 6 pit bull dogs, police scanners, and surveillance
16   systems, which the Special Agent stated are consistent with drug dealing,
17   the Court finds the Affidavit, on its face, supports a finding of
18   probable cause that evidence of drug trafficking would be found in the
19   main residence at 608 W. Edison St. in Sunnyside, Wash.  Accordingly, the
20   Court denies the Defendant's suppression motion.

21   **E.    Joint Motion for Continuance**

22       At the hearing, both counsel asked for a continuance of the trial
23   date in order to prepare for trial.  The Court granted the motion,
24   resetting the trial date to July 11, 2005.

25   ///

26   ///

ORDER ~ 10

1    For the reasons given above, **IT IS HEREBY ORDERED:**

2    1.   Defendant's Motion to Dismiss Count One, **(Ct. Rec. 36),** is
3    **DENIED.**

4    2.   Defendant's Motion for Discovery, **(Ct. Rec. 34),** is **WITHDRAWN**
5    **IN PART, DENIED IN PART as to the request for field notes, and the**
6    **remainder is DENIED IN PART due to the Government's open file policy.**

7    3.   Defendant's Motion for *Franks* Hearing, **(Ct. Rec. 33),** is **DENIED.**

8    4.   Defendant's Motion to Suppress, **(Ct. Rec. 41),** is **DENIED.**

9    5.   The **jury trial** is **RESET** from June 27, 2005, to **July 11, 2005,**
10   **at 9:00 a.m. in YAKIMA.   Counsel shall meet with the Court in Chambers**
11   **at 8:15 a.m. on the day of trial.    Any motions unaddressed at the**
12   **pretrial conference shall be heard in open court on the day of trial at**
13   **8:30 a.m., at which time the Defendant shall be present.**

14   6.   Trial briefs, requested voir dire, and joint proposed jury
15   instructions shall be filed and served **NO LATER THAN July 1, 2005.**  Joint
16   jury instructions should only address issues that are unique to this
17   case, and shall include instructions regarding the elements of each claim
18   or defense, and a proposed verdict form.

19   **IT IS SO ORDERED.**  The District Court Executive is directed to enter
20   this order and to provide copies to all counsel, the U.S. Probation
21   Office, the U.S. Marshal, and the Jury Administrator.

22   **DATED** this ___3rd___ day of June, 2005.

23

24                          ___S/ Edward F. Shea___
                            EDWARD F. SHEA
25                          United States District Judge

26   Q:\Criminal\2005\2005.PTC.motions.wpd

ORDER ~ 11